TOGUT, SEGAL & SEGAL LLP
Attorneys for Stephen S. Gray, Not Individually But
Solely in His Capacity as Chapter 11 Trustee of
96 Wythe Acquisition LLC
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :
                                                             :   Chapter 11
                                                             :   Case No. 21-22108 (SHL)
                                                             :
96 WYTHE ACQUISITION LLC,                                    :
                                                             :
        Debtor.                                              :
                                                             :
-------------------------------------------------------------x
STEPHEN S. GRAY, Not Individually But                        :
Solely in His Capacity as Chapter 11 Trustee                 :
of 96 WYTHE ACQUISITION LLC,                                 :
                                                             :
        Plaintiff,                                           :
                v.                                           :   Adv. Pro. No. 22-_____(SHL)
                                                             :
THE WILLIAMSBURG HOTEL BK LLC,                               :
NORTHSIDE ACQUISITION PARTNERS LLC,                          :
NORTHSIDE MANAGEMENT LLC,                                    :
NORTHSIDE MANAGEMENT NY LLC,                                 :
TOBY MOSKOVITS, MICHAEL                                      :
LICHTENSTEIN, and PNC BANK,                                  :
NATIONAL ASSOCIATION                                         :
                                                             :
        Defendants.                                          :
                                                             :
-------------------------------------------------------------x

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

## COMPLAINT

Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 Trustee (the "Trustee") of the estate (the "Estate") of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), by his attorneys, Togut, Segal & Segal LLP, respectfully submits this complaint (the "Complaint") against The Williamsburg Hotel BK LLC (the "Manager"), Northside Acquisition Partners LLC ("Northside Acquisition"), Northside Management LLC ("NSM"), Northside Management NY LLC ("NSMNY," and, together with Northside Acquisition and NSM, the "Northside Entities"), Toby Moskovits ("Moskovits") and Michael Lichtenstein ("Lichtenstein" and, together with Moskovits, the "Principals") and PNC Bank, National Association ("PNC," collectively, the "Defendants"), and alleges the following upon information and belief.

## SUMMARY OF THE ACTION

1. The Trustee seeks entry of a judgment: (a) directing the Defendants to immediately turn over to the Trustee $252,100 that is on deposit in bank account number xxxx7621 (the "PNC Account") that is maintained by the Manager at PNC Bank, National Association ("PNC") and which constitutes property of the Debtor's Estate, plus interest and costs; (b) avoiding the Post-Petition Transfer (defined below) of that property of this Estate to Defendants and directing each Defendant in possession, custody, or control of the Transferred Funds (defined below) to turnover such amounts to the Trustee; (c) awarding pre-judgment interest at the maximum legal rate running from the date of the Post-Petition Transfer until the date on which the Court issues a final judgment with respect to this Complaint, and post-judgment interest until the full amount of such judgment is satisfied; (d) directing Defendants to produce to the Trustee written accountings of the Transferred Funds; (e) disallowing

2

any claims filed by or on behalf of the Defendants in the Debtor's bankruptcy case unless and until the Transferred Funds are turned over to the Trustee; (f) awarding attorneys' fees and costs; and (g) granting such other relief as the Court deems just and proper.

2. To the extent that any Defendant(s) have filed proofs of claim, or have otherwise requested any payment from the Estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to the Claims for any reason including, but not limited to, section 502 of title 11 of the United States Code (the "Bankruptcy Code"), and such rights are expressly reserved.

## THE PARTIES

3. The Debtor owns and operates the Williamsburg Hotel (the "Hotel") located at 96 Wythe Avenue, Brooklyn, New York 11249.

4. Plaintiff is the Chapter 11 Trustee of the Debtor.

5. Defendant Manager is a New York limited-liability company and maintains a place of business at 1274 49th Street, Suite 184, Brooklyn, New York 11219.

6. The Manager managed the Debtor until the Trustee's appointment on May 31, 2022.

7. Upon information and belief and as set forth in the February 28, 2022 *Report of Examiner, Eric M. Huebscher* (the "Examiner Report") [Docket No. 418], the Manager had no business operations other than the management of the Hotel at all relevant periods set forth herein.

8. The Manager collected all revenue generated by the Debtor's business.

3

9. Defendant Northside Acquisition is a New York limited-liability company and maintains a place of business at 679 Driggs Avenue, Brooklyn, New York 11211.

10. Northside Acquisition is owned, directly or indirectly, by the Principals.

11. Defendant NSM is a New York limited-liability company and maintains a place of business at 98 Cuttermill Road, Suite 249 South, Great Neck, New York 11021.

12. Upon information and belief, NSM is owned, directly or indirectly, by the Principals.

13. Defendant NSMNY is a New York limited-liability company and maintains a place of business at 1274 49th Street, Suite 184, Brooklyn, New York 11219.

14. Upon information and belief, NSMNY is owned, directly or indirectly, by the Principals.

15. Defendant Moskovits is a resident of the State of New York and she directly or indirectly owns and/or controls each of the Manager, Northside Acquisition, NSM, and NSMNY.

16. Through common ownership, Moskovits is an insider of the Debtor, the Manager, and the Northside Entities as defined by section 101(31) of the Bankruptcy Code.

17. Defendant Lichtenstein is a resident of the State of New York and he directly or indirectly owns and/or controls each of the Manager, Northside Acquisition, NSM, and NSMNY.

4

18. Through common ownership, Lichtenstein is an insider of the Debtor, the Manager, and the Northside Entities as defined by section 101(31) of the Bankruptcy Code.

19. Defendant PNC is a national banking association with a place of business located at 1600 Market Street, Philadelphia, Pennsylvania 19103.

**JURISDICTION AND VENUE**

20. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's Amended Standing Order of Reference, M-431 dated January 31, 2012, which refers such proceedings to this Court.

21. This action is commenced pursuant to sections 502(d), 542, 549, and 550 of the Bankruptcy Code and Rules 3007, 6009, and 7001 of the Federal Rules of Bankruptcy Procedure.

22. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (2)(A), (B), (E), and (O), such that this Court has jurisdiction to hear and to determine this proceeding and to enter final orders and judgments in it. In the event that this Court or any other appropriate court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because such causes of action relate to the Debtor's bankruptcy case and will have a significant impact on the Estate.

23. Plaintiff consents to the entry of final orders and judgments by this Court in this adversary proceeding. Plaintiff also consents to the entry of final orders or

judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States.

24. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and is related to the Debtor's bankruptcy case pending in the Court.

## FACTUAL ALLEGATIONS

**A.    The Debtor's Bankruptcy Case**

25. On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

26. No official committee of unsecured creditors has been appointed in this Chapter 11 Case.

27. On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 147], which was granted by the Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 178].  That order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 193], and then amended again on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 224].

28. On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

6

29. On February 28, 2022, the Examiner issued the Examiner Report, wherein the Examiner concluded that there were sufficient grounds for the appointment of a trustee in the Case. On March 21, 2022, the Examiner issued a supplemental report [Docket No. 465].

30. On March 28, 2022, Benefit Street filed its *Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* [Docket No. 476] (the "Benefit Street Motion"), and raised concerns of improprieties by the Debtor's management and Benefit Street renewed its request for the appointment of a Chapter 11 trustee.

31. On March 31, 2022, the United States Trustee (the "United States Trustee") filed the *Motion to Appoint Trustee* [Docket No. 491] (the "United States Trustee Motion" and, together with the Benefit Street Motion, the "Trustee Motions").

32. On May 27, 2022, following evidentiary hearings conducted on May 17 and 25 (the "Evidentiary Hearings"), and post-hearing oral argument on May 26, the Court entered its *Order Granting Motions to Appoint a Chapter 11 Trustee* [Docket No. 591] (the "Trustee Motion Order").

33. Pursuant to the Trustee Motion Order, Defendants Moskovits, Lichtenstein and Manager "shall not dispose of any of the approximately $252,000 in cash currently held in trust or escrow representing hotel occupancy taxes collected by the Debtor and transferred out of Debtor and/or Management Company accounts postpetition." *Trustee Motion Order*, ¶5.

34. On May 31, 2022, the United States Trustee filed his *Notice of Appointment of Chapter 11 Trustee* [Docket No. 592], and he also filed an application for approval of the Trustee's appointment as the Chapter 11 trustee [Docket No. 593].

7

35. On May 31, 2022, the Court entered its *Order Granting the Application for Appointment of Chapter 11 Trustee* [Docket No. 594], and approved the United States Trustee's appointment of the Trustee herein. The Trustee has duly qualified and is acting as the Chapter 11 Trustee.

**B.    New York City Tax Claims**

36. Proofs of claim numbers 14 and 18 ("Claim No. 14" and "Claim No. 18", together the "Hotel Tax Claims") were filed by the New York City Department of Finance (the "NYC DOF") on account of estimated Unincorporated Business Taxes and estimated Hotel Occupancy Taxes.

37. On August 23, 2022, the Trustee filed the *Notice of Presentment of Stipulation and Proposed Order By and Between the Chapter 11 Trustee and the NYC Department of Finance Regarding Proof of Claim Numbers 2, 10-1, 10-2, 11-1, 11-2, 14, 18, 19, 21-1* [Docket No. 661] (the "NYC Tax Stipulation").

38. Entering into the NYC Tax Stipulation was needed because the Manager failed to pay pre-petition taxes (the "NYC Tax Claims") owed by the Debtor to the NYC DOF while the Manager, Lichtenstein and Moskovits were in control of the Debtor's affairs.

39. On August 30, 2022, the Manager and the Principals jointly filed their *Limited Objection of the Williamsburg Hotel BK LLC, Toby Moskovits and Michael Lichtenstein to Stipulation and Proposed Order Between the Chapter 11 Trustee and the NYC Department of Finance Regarding Proof of Claim Numbers 2, 10-1, 10-2, 11-1, 11-2, 14, 18, 19, 21-1* [Docket No. 665] (the "Stipulation Objection").

8

40. Although NYC Tax Stipulation merely sought to fix the amounts of the NYC Tax Claims, the Manager and the Principals sought a release of any liability that they may have on account of the Hotel Tax Claims.

41. As part of their demand for a release, the Manager and Principals advised the Trustee that they would turn over to the Trustee the $252,100 on hand in the PNC Account.

42. Subsequent to the filing of the Stipulation Objection, the Trustee, the Manager and the Principals negotiated a release provision in the NYC Tax Stipulation in favor of the Principals in connection with Hotel Tax Claims liability in exchange for the Manager's turnover of the funds in the PNC Account to the Trustee.

43. On September 9, 2022, the Manager and the Principals withdrew the Stipulation Objection [Docket No. 677].

44. On September 12, 2022, the Court entered an order approving the NYC Tax Stipulation, which provides, in pertinent part: "… that upon delivery by the Management Company to the Trustee, the amount of $252,100 in which the Management Company has been holding in reserve to be applied toward outstanding Hotel Tax Claims, then the Management Parties shall be deemed released from any such claims with respect to the Hotel Tax Claims solely to the extent of said amount of $252,100 (but not with respect to any other claims concerning the Hotel Tax Claims including without limitation interest or penalties resulting from the non-payment of said amount of $252,100). Any and all other respective rights, claims and defenses of the Parties on the one hand, and the Management Parties on the other are hereby reserved." *Stipulation and Order by and Between the Chapter 11 Trustee and the NYC*

*Department of Finance Regarding Proof of Claim Numbers 2, 10-1, 10-2, 11-1, 11-2, 14, 18, 19, 21-1* at ¶15 [Docket No. 678].

45. PNC has advised the Trustee and Defendants in writing that it will comply with a written direction by the Manager to turn over the balance on hand in the PNC Account to the Trustee or an order of the Court authorizing it to do so.

46. As of the date hereof, the Manager has failed to deliver any written instruction to PNC to turn over the balance on hand in the PNC Account to the Trustee.

C. **The February 25 Post-Petition Transfer Discovered in Examiner's Investigation and Report**

47. The Examiner's Report disclosed that on February 25, 2021, two days after the Petition Date, Estate funds in the amount of $252,100 were transferred from a Bank of America account with an account number ending in "4400" maintained in the Manager's name to NSM and NSMNY (the "Post-Petition Transfer").

48. Neither the Debtor nor the Manager disclosed the Post-Petition Transfer in the Debtor's schedules of assets and liabilities and statement of financial affairs.

49. The funds comprising and/or representing the amount of the Post-Petition Transfer are currently on deposit in the PNC Account as confirmed on the record by the Debtor's Chief Restructuring Officer, David Goldwasser ("Goldwasser") during the Evidentiary Hearings:

Goldwasser's Sworn Testimony:

> Q: At the time that this $252,100 was removed from the account, you were the CRO of the Debtor; correct?
>
> A: That is correct.
>
> Q: Okay. And you talked about this escrow; so where's this escrow held?

10

> A: PNC Bank.

*May 25 Hr'g Tr.* 82:18-24.

50. Lichtenstein confirmed Goldwasser's testimony during the Evidentiary Hearings.

Lichtenstein's Sworn Testimony:

> Q: So I'm just trying to understand. That… $252,100 that was transferred into this Northside Management account, what was it used for?
>
> A: We set it aside, . . . this [$252,100] is set aside right now, in the reserve account, in PNC Bank. . . .

*Id.* at 173:23-174:9.

> Q: Let me ask you this question, sir: Can you identify any of the transfers on this one bank statement… Were any of these for the benefit of the Debtor?
>
> A: I assume that… I don't know maybe somebody's offered them to the Debtor; I assume they're not for the benefit of the Debtor, and the money—and the whole 252—amount is sitting right now in a reserve account as we've discussed.

*Id.* at 184:2-10.

51. During the Evidentiary Hearings, Lichtenstein further acknowledged that the Post-Petition Transfer was a transfer of property of the Estate:

> Q: So the other transfers were out of this segregated account, those weren't inadvertent, those were purposeful; right?
>
> A: Post-petition 24 hours after the petition was filed, before the DIP accounts were even set up, we moved [$252,100], with the intent of settling this matter with the City. And we're saying that this was a one-time incident, where we moved the money post-petition. That money is sitting now in an escrow account.

*Id.* at 170:24-171:10.

11

>   Q:   So you transferred the [$252,100] into an account of another company of yours called Northside Management NY, LLC . . .
>
>   A:   Yes.

*Id.* at 172:2-8.

52. The amount of the Post-Petition Transfer remains on hand in the PNC Account.

53. The Post-Petition Transfer was not authorized by an order in this Chapter 11 Case.

54. The Post-Petition Transfer was not permitted by any provision of the Bankruptcy Code.

55. Defendants Lichtenstein, Moskovits and Manager control the funds comprising the Post-Petition Transfer (the "Transferred Funds") in the PNC Account.

56. The Manager and the Principals have represented to the Trustee on numerous occasions that they would direct PNC to turn over the balance on hand in the PNC Account to the Trustee, but they have failed to do so.

57. The Trustee has repeatedly demanded that the Manager turn over the funds comprising the Post-Petition Transfer, but as of the date of this Complaint, the Manager has failed to comply with those demands, notwithstanding the Manager and the Principals' representations in the Stipulation Objection, and assurances that they would do so.

### COUNT I
### TURNOVER
### (11 U.S.C. § 542)

58. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

59. Defendants Lichtenstein, Moskovits and Manager are in possession and/or control of the Transferred Funds and the PNC Account

60. The Transferred Funds constitute property of the Estate pursuant to section 541 of the Bankruptcy Code.

61. Defendants are statutorily obligated to turn over the Transferred Funds to the Trustee pursuant to section 542 of the Bankruptcy Code.

62. Defendants Lichtenstein, Moskovits and Manager have failed to turn over the Transferred Funds to the Trustee despite repeated written demands by the Trustee.

63. There is no good faith basis for the Defendants Lichtenstein, Moskovits and Manager's failure to turn over the Transferred Funds to the Trustee.

64. Pursuant to section 542 of the Bankruptcy Code, an order should be entered directing all of the Defendants to immediately take all actions necessary to turn over to the Trustee the full amount of the Transferred Funds in the PNC Account, plus all interest that accrued or which should have accrued thereon from the date of Defendants Lichtenstein, Moskovits and Manager's receipt of the Transferred Funds, plus the costs and expenses incurred by the Estate in connection with this adversary proceeding.

65. Pursuant to section 502(d) of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendants Lichtenstein, Moskovits and Manager disallowing any claim that they may have against the Debtor and its Estate until such time as the Transferred Funds are returned to the Trustee.

## COUNT II
## AVOIDANCE AND RECOVERY
### (11 U.S.C. §§ 549, 550)

66. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

67. The Transferred Funds were transferred to Defendants Lichtenstein, Moskovits and Manager after the Petition Date.

68. Defendants Lichtenstein, Moskovits and Manager are in possession and/or control of the Transferred Funds.

69. The Post-Petition Transfer was not authorized by any order in the Case.

70. The Post-Petition Transfer was not authorized by or under any provision of the Bankruptcy Code.

71. The Trustee is entitled to entry of an order granting a judgment against Defendants: (a) avoiding the Post-Petition Transfer pursuant to section 549(a); (b) directing any Defendant in possession, custody, or control of the Transferred Funds to pay such amounts, plus all interest that accrued or which should have accrued thereon to the Trustee pursuant to section 550(a) of the Bankruptcy Code; and (c) disallowing any claim filed by or on behalf of Defendants Lichtenstein, Moskovits and Manager in the Case until the Transferred Funds are paid to the Trustee, plus all interest accrued thereon, plus the costs and expenses of this adversary proceeding.

## **RESERVATION OF RIGHTS**

72. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

73. The Trustee does not waive and instead specifically reserves all of his rights, claims, and defenses as they pertain to the Debtor and to defend against any claims or liens that Defendants may assert against the Estate. The Trustee expressly reserves the right to amend and supplement this Complaint or to commence a new action against Defendants with other claims as his investigation continues.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against each of the Defendants:

(i) directing Defendants to immediately turn over to the Trustee all of the funds that were transferred to Defendants which comprise the Transferred Funds, including the balance on hand in the PNC Account, plus all interest earned thereon, pursuant to 11 U.S.C. 542;

(ii) pursuant to sections 549 and 550 of the Bankruptcy Code, avoiding the Post-Petition Transfer and directing each Defendant in possession, custody, or control of the Transferred Funds to pay such amounts to the Trustee;

(iii) awarding interest at the maximum legal rate running from February 25, 2021 until the Transferred Funds are fully paid to the Trustee;

(iv) directing Defendants to produce to the Trustee written accountings of the Transferred Funds;

(v) disallowing any claim that Defendants may have against the Debtor and the Estate until such time as the Transferred Funds are repaid to the Trustee;

(vi) awarding to the Trustee his attorneys' fees and costs accrued in connection with this adversary proceeding; and

15

    (vii)    granting such other relief as the Court deems just and proper

DATED:    New York, New York
               October 13, 2022

                        STEPHEN S. GRAY, not individually but
                        solely in his capacity as Chapter 11 Trustee,
                        By his Attorneys,
                        TOGUT, SEGAL & SEGAL LLP
                        By:

                        */s/Neil Berger*
                        FRANK A. OSWALD
                        NEIL BERGER
                        Members of the Firm
                        One Penn Plaza
                        New York, New York 10119
                        (212) 594-5000